UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO LUIS RODRIGUEZ,<br><br>    Plaintiff,<br><br>v.<br><br>ARTHUR ANDERSON,<br><br>    Defendant. | NO. EDCV 18-1181-AG (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report") and the Objections. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Plaintiff argues that he is eligible to be considered for parole under Proposition 57 but has wrongfully been deemed ineligible under regulations adopted by the California Department of Corrections and Rehabilitation ("CDCR"). (Report at 2-6.) The Report recommended dismissal of certain claims with leave to amend because the First Amended Complaint ("FAC") fails to allege facts showing that Plaintiff is otherwise eligible for parole under Proposition 57, which provides that a person convicted of a felony offense and sentenced to state prison is eligible for parole after

serving the full term for the primary offense.  The FAC alleges no facts regarding Plaintiff's conviction offenses or whether he has served his primary term.  (*Id.* at 9-10, 13, 14.)  The Report recommends dismissal without leave to amend as to the remaining claims because the defects cannot be cured.  (*Id.* at 15, 16.)

Plaintiff's objections attach over 400 pages of exhibits without explaining how any of the exhibits demonstrate he is eligible for parole consideration under Proposition 57.  On a motion to dismiss under Rule 12(b)(6), the court, with few exceptions, may not consider matters outside the complaint.  *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  Facts raised for the first time in briefs, such as a plaintiff's opposition papers, "should be considered by the court in determining whether to grant leave to amend."  *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

IT IS ORDERED as follows:

(1) Defendants' motion to dismiss the First Amended Complaint ("FAC") is granted without leave to amend as to the Fifth and Sixth Amendment claims and all damages claims against Defendants in their official capacity;

(2) Defendants' motion to dismiss the FAC is granted with leave to amend as to the remaining claims;

(3) Plaintiff's motion for summary judgment is denied; and

(4) Plaintiff is granted leave to file a Second Amended Complaint consistent with the above recommendations within thirty days after entry of this order.

If Plaintiff chooses to file a Second Amended Complaint, it must be filed within 30 days after entry of this Order, it must bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to the original complaint, attachment, pleading or other documents.

The Clerk is DIRECTED to provide Plaintiff with a blank civil rights complaint form.

**Plaintiff is advised that if he fails to file a timely Second Amended Complaint within 30 days after the entry of this order, this action may be dismissed.**

DATED: November 18, 2019

_____
ANDREW J. GUILFORD
United States District Judge